## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| HENRY J. KLEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>   v.<br><br>CONFORMIS, INC., PHILIPP LANG, and PAUL WEINER,<br><br>         Defendants. | **Civil Action No.:**<br><br>CLASS ACTION<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Henry J. Klein ("Plaintiff") has alleged the following based upon the investigation of Plaintiff's counsel, which included a review of United States Securities and Exchange Commission ("SEC") filings by ConforMIS, Inc. ("ConforMIS" or the "Company"), as well as regulatory filings and reports, securities analysts' reports and advisories about the Company, press releases and other public statements issued by the Company, and analyst and media reports about the Company. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

### NATURE OF THE ACTION

1.  This is a federal securities class action on behalf of all persons and entities, other than Defendants, who purchased ConforMIS securities: (1) pursuant and/or traceable to the Company's Registration Statement and Prospectus (defined below) issued in connection with the Company's initial public offering on or about July 1, 2015 (the "IPO" or the "Offering"); and/or

(2) on the open market between July 1, 2015 and August 28, 2015, both dates inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' violations of the Securities Act of 1933 (the "Securities Act") and under the Securities Exchange Act of 1934 (the "Exchange Act") (the "Class").

2.      Defendant ConforMIS is a medical technology company that purports to use its proprietary iFit Image-to-Implant technology to develop, manufacture and sell joint replacement implants that are individually sized and shaped to fit each patient's unique anatomy. The Company has sold more than 30,000 knee implants in the United States and Europe.

3.      ConforMIS was incorporated in 2004. The Company is headquartered in Bedford, Massachusetts, and its stock trades on NASDAQ under the ticker symbol "CFMS."

4.      On July 1, 2015, the Company completed its IPO, issuing 10.35 million shares and raising net proceeds of approximately $121 million.

5.      Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies both in connection with its IPO and in subsequent filings with the SEC. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company's manufacturing processes were flawed; (ii) that as a result of the flaws in the Company's manufacturing process, a number of the Company's knee replacement product systems were defective; and (iii) as a result of the foregoing, ConforMIS's public statements were materially false and misleading at all relevant times.

6.      On August 31, 2015, pre-market, the Company announced that it had initiated a voluntary recall of specific serial numbers of patient-specific instrumentation for certain of its knee replacement product systems, in response to recent complaints of moisture on the patient-

specific instrumentation.  A total of approximately 950 patient-specific instrumentation sets were affected by ConforMIS's recall.  On this news, the Company's stock dropped $3.78, or 19.11%, to close at $16.00 on August 31, 2015.  At the close of trading on September 3, 2015, the Company's share price closed at $14.21 per share.

7.       As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8.       The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

9.       This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, Section 22 of the Securities Act (15 U.S.C. § 77v), and Section 27 of the Exchange Act (15 U.S.C. §78aa).

10.       Venue is proper in this judicial district pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b) as the Defendant ConforMIS maintains its principal executive offices is in this District.

11.       In connection with the acts, conduct and other wrongs alleged herein, Defendants either directly or indirectly used the means and instrumentalities of interstate commerce, including but not limited to the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

12.     Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased the common stock of ConforMIS during the Class Period and has suffered damages as set forth in the accompanying certification.

13.     Defendant ConforMIS is a Delaware corporation with its principal executive offices located at 28 Crosby Drive, Bedford, Massachusetts 01730.  Its stock trades on NASDAQ under the ticker symbol "CFMS."

14.     Defendant Philipp Lang ("Lang")  has served at all relevant times as President and Chief Executive Officer of ConforMIS.

15.     Defendant Paul Weiner ("Weiner") has served at all relevant times as Chief Financial Officer of ConforMIS.

16.     The defendants named in ¶¶ 14-15 are sometimes collectively referred to herein as the "Individual Defendants."

17.     Each of the Individual Defendants:

• directly participated in the management of the Company;

• was directly involved in the day-to-day operations of the Company at the highest levels;

• was privy to confidential proprietary information concerning the Company and its business and operations;

• was involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

• was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and

• approved or ratified these statements in violation of the federal securities laws.

4

18.     As officers, directors, and controlling persons of a publicly-held company whose securities are and were registered with the SEC pursuant to the Exchange Act, and were traded on NASDAQ and governed by the provisions of the federal securities laws, the Individual Defendants each had a duty to disseminate accurate and truthful information promptly with respect to the Company's business prospects and operations, and to correct any previously-issued statements that had become materially misleading or untrue to allow the market price of the Company's publicly traded stock to reflect truthful and accurate information.

19.     ConforMIS is liable for the acts of the Individual Defendants and its employees under the doctrine of respondeat superior and common law principles of agency as all of the wrongful acts complained of herein were carried out within the scope of their employment with authorization.

20.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to ConforMIS under respondeat superior and agency principles.

## SUBSTANTIVE ALLEGATIONS

### Background

21.     Defendant ConforMIS is a medical technology company that uses its proprietary iFit Image-to-Implant technology to develop, manufacture and sell joint replacement implants that are individually sized and shaped to fit each patient's unique anatomy.  The Company has sold more than 30,000 knee implants in the United States and Europe.

22.     ConforMIS was incorporated in 2004.   The Company is headquartered in Bedford, Massachusetts, and its stock trades on NASDAQ under the ticker symbol "CFMS."

23.     On May 21, 2015, ConforMIS filed a registration statement on Form S-1 with the SEC in connection with the IPO.  The registration was subsequently amended several times, with

the final amended registration statement filed on Form S-1/A with the SEC on June 29, 2015

(collectively, the "Registration Statement").

24.     The Registration Statement contained a preliminary prospectus.   The final

prospectus (the "Prospectus") was filed with the SEC on July 1, 2015.

25.     On July 1, 2015, pre-market, the SEC declared the Registration Statement

effective as of June 30, 2015.

26.     On July 1, 2015, the Company completed its IPO, issuing 10.35 million shares

and raising net proceeds of approximately $121 million.

## Defendants' Materially False and Misleading Statements

27.     On July 1, 2015, ConforMIS filed the Prospectus with the SEC, which forms part

of the Registration Statement and stated in relevant part:

### *Quality assurance*

We apply a variety of automated and manual quality controls to our iJigs, implant
components and other instruments we supply to ensure that our products conform
to their specifications. Members of our quality department also inspect our
devices at various steps during the manufacturing cycle to facilitate compliance
with specifications. Our quality department periodically audits our suppliers to
ensure conformity with our specifications and with our policies and procedures
for our devices.

We and our suppliers are subject to extensive regulation by the FDA under its
Quality System Regulations, or QSR. The QSR provide that manufacturers must
establish and follow quality systems consistent with the QSR framework to ensure
that their products consistently meet applicable requirements and specifications.
In accordance with the QSR framework, we have validated or verified the
processes used in the manufacturing and testing of our devices. Our Burlington
and Bedford manufacturing facilities are FDA registered, and we believe they are
compliant with the FDA's QSR. We are in the process of completing our
validations of our Wilmington facility and expect to register the facility with the
FDA in the second quarter of 2015. We have also received certification from the
British Standards Institution, or BSI, a Notified Body to the International
Standards Organization of our quality system. Certification by a Notified Body is

a necessary element of obtaining CE Marking in the EU. We are subject to periodic, announced and unannounced inspections by BSI, the FDA, and other governmental agencies. We continue to monitor our quality system and management efforts in order to maintain our overall level of compliance.

28.     The Registration Statement was signed by the Individual Defendants.

29.     On August 11, 2015, ConforMIS issued a press release and filed a Form 8-K with the SEC announcing its financial and operating results for the quarter ended June 30, 2015 (the "Q2 2015 8-K").  For the quarter, the Company reported a net loss of $10.89 million, or $2.51 per diluted share, on revenue of $19.22 million.

30.     On August 14, 2015, ConforMIS filed a quarterly report on Form 10-Q with the SEC, reiterating the financial and operating results previously announced in the Company's Q2 2015 8-K (the "Q2 2015 10-Q").

31.     The Q2 2015 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 by the Individual Defendants, stating that the financial information contained in the Q2 2015 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

32.     The statements contained in ¶¶ 27-31 were materially false and/or misleading when made because Defendants failed to disclose or indicate that: (i) the Company's manufacturing processes were flawed; (ii) that as a result of the flaws in the Company's manufacturing process, a number of the Company's knee replacement product systems were defective; and (iii) as a result of the foregoing, ConforMIS's public statements were materially false and misleading at all relevant times.

**The Truth Emerges**

33.     On August 31, 2015, pre-market, the Company announced that it had initiated a

voluntary recall of specific serial numbers of patient-specific instrumentation for certain of its

knee replacement product systems, in response to recent complaints of moisture on the patient-

specific instrumentation (the "Recall Press Release").  The Recall Press Release stated, in part:

> **ConforMIS, Inc. (NASDAQ: CFMS)** today announced that it has initiated a
> voluntary recall of specific serial numbers of patient-specific instrumentation for
> its iUni, iDuo, iTotal CR and iTotal PS knee replacement product systems.
> ConforMIS has initiated this action in response to three recent complaints of
> moisture on the patient-specific instrumentation. In all three cases, the knee
> replacement procedures were completed without apparent incident and the
> Company does not believe that the customized knee implants used in these
> procedures were themselves affected. . . .

> Based on an initial assessment, ConforMIS believes that the recalled
> instrumentation held excess water before undergoing the commonly used ethylene
> oxide sterilization process and, as a result, may contain small amounts of ethylene
> glycol residue. Ethylene glycol residue may form when ethylene oxide comes into
> contact with water. ConforMIS has temporarily suspended its use of the ethylene
> oxide sterilization process and is working expeditiously to investigate the root
> cause of the excess moisture and evaluate potential corrective and preventative
> actions.

> A total of approximately 950 patient-specific instrumentation sets are affected by
> this recall, of which approximately 650 sets were used in knee-implant procedures
> and approximately 300 sets have been shipped but not yet used in scheduled
> surgeries. The patient-specific instruments were manufactured and distributed
> from the Company's new manufacturing facility between July 18, 2015 and
> August 28, 2015.

> . . .

> The Company expects manufacturing to be substantially reduced in September
> and possibly October as it completes its investigation and executes a plan of
> resolution. The Company maintains a validated, alternative sterilization process
> that it already uses in the production of certain of the Company's implants and
> instruments and plans to increase its reliance on this alternative process until it
> has completed its investigation and taken all necessary corrective action. This
> alternative sterilization process has significantly limited capacity as compared to
> the ethylene oxide sterilization process. The Company expects that the combined

impacts of the recalled products which were shipped but not used, the lower production capacity over the period of investigation and resolution and the potential commercial disruption will have a negative effect on its sales. Assuming the effects of these factors, the Company is revising its guidance for the fiscal year 2015 as it now expects total revenue for the full year 2015 in a range of $64 million to $66 million, representing year-over-year growth of 33% to 37% on a reported basis and 39% to 43% on a constant currency basis. This revised revenue guidance is a reduction of $8 million as compared to the previous revenue guidance in a range of $72 million to $74 million.

34.     On this news, the Company's stock dropped $3.78, or 19.11%, to close at $16.00 on August 31, 2015.   At the close of trading on September 3, 2015, the Company's share price closed at $14.21 per share.

35.     As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class consisting of all those who purchased or otherwise acquired ConforMIS securities (1) pursuant and/or traceable to the Registration Statement; and/or (2) on the open market during the Class Period and who were damaged upon revelation of the alleged corrective disclosure. Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their immediate families,and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

37.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, ConforMIS common stock was actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and

can only be ascertained through appropriate discovery, Plaintiff believes that there are thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by ConforMIS or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

38.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law complained of herein.

39.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and securities litigation.

40.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business and operations of ConforMIS;

- whether the Individual Defendants cause ConforMIS to issue false and misleading statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading statements;

- whether the prices of ConforMIS securities during the Class Period were artificially inflated because of Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

41. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

42. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the misrepresentations and omissions were material;

- ConforMIS securities are traded in efficient markets;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and/or sold ConforMIS securities beween the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

43. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

44.     Alternatively, Plaintiff and members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

45.     At all relevant times, the market for ConforMIS securities was an efficient market for the following reasons, among others:

- ConforMIS's securities met the requirements for listing, and were listed and actively traded on NASDAQ, a highly efficient and automated market;

- ConforMIS filed periodic public reports with the SEC and NASDAQ; and

- ConforMIS regularly communicated with public investors via established market communication mechanisms, including regular disseminations of press releases on the national circuits of major newswire services and other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services.

46.     As a result of the foregoing, the market for ConforMIS's securities promptly digested current information regarding ConforMIS from all publicly available sources and reflected such information in ConforMIS's stock price.   Under these circumstances, all purchasers of ConforMIS's securities during the Class Period suffered similar injury through their purchases of ConforMIS's securities at artificially inflated prices, and a presumption of reliance applies.

**NO SAFE HARBOR**

47.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. Many or all of the specific statements pleaded herein were not identified as "forward-looking

statements" when made. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of the Company who knew that those statements were false when made.

**FIRST CLAIM**
**Violation of Section 10(b) of The Exchange Act**
**and Rule 10b-5 Promulgated Thereunder Against All Defendants**

48.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

49.    During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase ConforMIS's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, each of the Defendants took the actions set forth herein.

50.    Defendants: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to

maintain artificially high market prices for ConforMIS securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

51.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business and future prospects of ConforMIS as specified herein.

52.     These Defendants employed devices, schemes, and artifices to defraud while in possession of material adverse non-public information, and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of ConforMIS's value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about ConforMIS and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of ConforMIS securities during the Class Period.

53.     Each of the Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (1) the Individual Defendants were high-level executives, directors, and/or agents at the Company during the Class Period and members of the Company's management team or had control thereof; (2) each of these Defendants, by virtue of his responsibilities and activities as a senior officer and/or director of the Company, was privy to

and participated in the creation, development and reporting of the Company's business prospects and operations; (3) each of these Defendants enjoyed significant personal contact and familiarity with the other Defendants and was advised of and had access to other members of the Company's management team, internal reports and other data and information about the Company's operations and business projects at all relevant times; and (4) each of these Defendants was aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

54.     Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing the Company's flawed manufacturing processes, thereby artificially inflating price of its securities. As demonstrated by Defendants' omissions and misstatements of the Company's business strategy throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

55.     As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of ConforMIS securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of ConforMIS's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trade, and/or on the absence of material adverse information that was known to or

recklessly disregarded by Defendants but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired ConforMIS securities during the Class Period at artificially high prices and were or will be damaged thereby.

56.     At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the Company's flawed manufacturing processes, which was not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their ConforMIS securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices that they paid.

57.     By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

58.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

59.     This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.

**SECOND CLAIM**
**Violation of Section 20(a) of the Exchange Act Against the Individual Defendants**

60.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

61.     The Individual Defendants acted as controlling persons of ConforMIS within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level

positions, agency, ownership and contractual rights, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to have been misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

62.     In particular, each of these Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

63.     As set forth above, ConforMIS and the Individual Defendants each violated Section 10(b), and Rule 10b-5 promulgated thereunder, by their acts and omissions as alleged in this Complaint.

64.     By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

65.     This action was filed within two years of discovery of the fraud and within five years of each Plaintiff's purchases of securities giving rise to the cause of action.

**THIRD CLAIM**
**Violation of Section 11 of**
**The Securities Act Against All Defendants**

66.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

67.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against the Individual Defendants.

68.     The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

69.     ConforMIS is the registrant for the IPO. Individual Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

70.     As issuer of the shares, ConforMIS is strictly liable to Plaintiff and the Class for the misstatements and omissions.

71.     None of the Individual Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

72.     By reasons of the conduct herein alleged, each Individual Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

73.     Plaintiff acquired ConforMIS securities pursuant and/or traceable to the Registration Statement for the IPO.

74.     Plaintiff and the Class have sustained damages. The value of ConforMIS securities has declined substantially subsequent to and due to the Individual Defendants' violations.

**FOURTH CLAIM**
**Violation of Section 15 of**
**The Securities Act Against Individual Defendants**

75.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

76.     This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

77.     Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of ConforMIS within the meaning of Section 15 of the Securities Act. Individual Defendants had the power and influence and exercised the same to cause ConforMIS to engage in the acts described herein.

78.     Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

79.     By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

A.     Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

B.     Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

19

C.      Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.      Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:   September 3, 2015

Respectfully submitted,

/s/ Jason M. Leviton

**BLOCK & LEVITON LLP**
Jason M. Leviton (678331)
Joel A. Fleming (685285)
155 Federal Street, Suite 400
Boston, MA 02110
(t) 617.398.5600
(f) 617.507.6020
jason@blockesq.com
joel@blockesq.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
Marc Gorrie
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  jalieberman@pomlaw.com
Email:  ahood@pomlaw.com
Email:  mgorrie@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*

20

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.  I, *Henry I. Klein*, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.  I have reviewed a Complaint against ConforMIS, Inc. ("ConforMIS" or the "Company") and, authorize the filing of a comparable complaint on my behalf.

3.  I did not purchase or acquire ConforMIS securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.  I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired ConforMIS securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.  To the best of my current knowledge, the attached sheet lists all of my transactions in ConforMIS securities during the Class Period as specified in the Complaint.

6.  During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7.  I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.   I declare under penalty of perjury that the foregoing is true and correct

Executed _Sept. 1, 2015_
            **(Date)**

_____
**(Signature)**

_____
_Henry J. Klein_
            **(Type or Print Name)**

**CONFORMIS INC (CFMS)**                                    **Klein, Henry J.**

## LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHS/UTS | PRICE PER SH/UT |
|------|------------------|-------------------|-----------------|
| 07/06/2015 | PUR | 250 | $25.3999 |